Ms. Shareese Harold Arkansas Democrat-Gazette P.O. Box 2221 Little Rock, AR 72203-2221
Dear Ms. Harold:
This is in response to your request for an opinion on whether the personnel and attendance records of Mattie Hudgons, former state Senate administrative assistant, are public documents releasable under the Freedom of Information Act ("FOIA," codified at A.C.A. § 25-19-101 et seq.) You state that the Senate Efficiency Committee Chairman denied your request based on Ms. Hudgons' right to seek an opinion from this office. You have also asked the following questions:
 1. How much time does she have to initiate that right pertaining to this matter?
 2. How long is the Senate allowed to withhold those records if she fails to contact your office within a certain amount of time?
 3. Does honoring her right to seek your opinion permit the Senate Efficiency Committee to reject our request for her records?
Your request is made pursuant to A.C.A. § 25-19-105(c)(3) (Repl. 1992), which authorizes the custodian, requester, or the subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision regarding the releasability of the records is consistent with the FOIA. It should be initially noted in this regard that the custodian must, within twenty-four (24) hours of receiving a request to examine or copy personnel or evaluation records, determine whether the records are exempt from disclosure. A.C.A. § 25-19-105(c)(3)(A) (Repl. 1992). The custodian must, within that time frame, make efforts to notify the person making the request and the subject of the records of that decision. Id.
Either the custodian, requester, or the subject of the records may then "immediately seek an opinion from the Attorney General who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with [the FOIA]." A.C.A. § 25-19-105(c)(3)(B). The custodian shall not disclose the records until the Attorney General has issued his opinion. Id.
You have indicated that the custodian denied access to the records sought based upon the subject's right to seek an opinion. As set forth above, however, the custodian must make the initial decision regarding disclosure of the records. The Attorney General then reviews that decision, if requested. The mere fact that the subject objects to release of the records does not, in itself, form a proper basis for withholding the records. The records must be withheld if a request is made for an opinion from the Attorney General.
With regard to your question concerning the personnel and attendance records, I cannot offer a conclusive response because I do not know what decision, if any, the custodian made as a substantive matter under the FOIA. Please note that I have enclosed an opinion previously issued by this office which addresses, generally, the "clearly unwarranted invasion of personal privacy" exemption. see Opinion 93-185, copy enclosed, and A.C.A. § 25-19-105(b)(10) (Repl. 1992). I have also enclosed Opinion 92-132 which addresses annual leave records, specifically. Ordinarily, a blanket denial of access to personnel records is contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) or other records, such as medical records, otherwise exempt under the FOIA (see §25-19-105(b)) should be deleted and the remainder of the personnel records made available for inspection and copying. With regard to leave records, the privacy exception ordinarily does not provide a basis for denying access to such records. While particular information within a leave record might be exempt, this requires a factual review on a case-by-case basis.
It should be noted, finally, that it is my understanding that there is underway an ongoing investigation into Ms. Hudgon's employment being conducted by the Arkansas State Police. If that is the case, certain records relevant to that investigation may be exempt from disclosure under the FOIA at this time. See
A.C.A. § 25-19-105(b)(6).
With regard to your remaining three questions, as noted above, Section 25-19-105(c)(3)(B) states that the subject of the records may "immediately seek an opinion from the Attorney General" after receiving notice of the custodian's decision. The term "immediately," according to Black's Law Dictionary (5th ed. 1979) at 675, implies "prompt, vigorous action without any delay." If an opinion is immediately sought, the records must not be released until the opinion has been issued. The requirement that the records be withheld is only triggered by the request for an opinion from the Attorney General, not by the subject's publicly announced objection to the custodian regarding the records' release.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures